NOT FOR PUBLICATION

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| _____ ) | | |
| RICHARD R. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-cv-263C |
| | ) | |
| THE UNITED STATES, | ) | Filed: March 5, 2021 |
| | ) | |
| Defendant. | ) | |
| _____ ) | | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Richard R. Williams seeks an order remanding this case to the Assistant Secretary of the Navy (Manpower & Reserve Affairs) ("ASN") to consider arguments and evidence Mr. Williams submitted during a prior remand in 2015. Mr. Williams argues that the ASN's remand decision failed to acknowledge and respond to his submissions, and as such failed to comply with the Court's August 21, 2015 remand order. The Government argues that the ASN's decision fully complied with the Order and that the case is ripe for judicial review. For the reasons discussed below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's Motion.

### I.   BACKGROUND

#### A.   Facts and Procedural History

The facts of this case have been thoroughly summarized in prior orders of this Court and require only brief treatment here. In March 2005, a Board of Inquiry ("BOI") recommended that Mr. Williams be separated from the Marine Corps after he was convicted by a court-martial of charges related to adultery and conduct unbecoming an officer. Mem. Op. & Order (May 23, 2014) at 5-6, ECF No. 29. During the proceeding, the BOI also considered two prior acts of

misconduct by Mr. Williams in 1999 and 2002.  *Id.* at 5-6.  The ASN ultimately approved the

Board's recommendation, and Mr. Williams was discharged on May 13, 2005, three days before

he would have been eligible for retirement.  *Id.* at 8.

In 2008, Mr. Williams challenged the BOI's recommendation before the Board for

Correction of Naval Records ("BCNR").  The BCNR denied his application, concluding, *inter*

*alia*, that the BOI did not commit an error by considering Mr. Williams's prior misconduct.  *Id.* at

9, 14.  In doing so, the BCNR rejected the advisory opinion of the office of the Staff Judge

Advocate to the Commandant of the Marine Corps ("SJACMC"), which argued that Mr.

Williams's misconduct in 1999 was time barred by Secretary of Navy Instruction

("SECNAVINST") 1920.6B, the Navy's regulation for administrative separation of officers in

place at the time of Mr. Williams's BOI.  *Id.* at 8-9 (relying on a decision in *Siefert v. Winter*, 555

F. Supp. 2d 3 (D.D.C. 2003) that interpreted 1920.6B).  Under the prior conduct limitation of

1920.6B, "[p]erformance or conduct identified more than 5 years prior to the initiation of

processing for separation under paragraph 2 of this enclosure shall not form the basis for

processing under this enclosure."  SECNAVINST 1920.6B, encl. (4), ¶ 10.e. (Dec. 13, 1999).

Mr. Williams sought review in this Court in early 2010, and the case proceeded to

dispositive motions.  In 2014, the Court issued an order denying the Government's motion for

judgment on the administrative record, granting-in-part Mr. Williams's cross-motion, and

remanding the case to the BCNR for further explanation of its decision, including the grounds for

its interpretation of 1920.6B's prior conduct limitation.  *See* ECF No. 29 at 19.  On remand, a

different BCNR panel issued a decision agreeing with the original panel and providing the further

explanation requested by the Court.  Specifically, it explained that 1920.6B prohibits a Show Cause

Authority from basing its decision to initiate separation processing on an officer's time-barred

conduct; it does not prohibit a BOI from considering such conduct in determining whether to separate or retain the officer.  *See* BCNR Decision on Remand at 2-3, ECF No. 33.

Following the first remand, the parties began briefing a second round of dispositive motions.  Before briefing concluded, the parties jointly moved for a second remand, this time to the ASN.  *See* Jt. Mot. for Remand, ECF No. 65.  The parties jointly proposed, and the Court approved, several issues for the ASN to consider and resolve.  *See id.* at 3-4; *see* Order (Aug. 21, 2015), ECF No. 66; *see also* Jt. Mot. for Permission to Communicate Issues to ASN, ECF No. 68; Order (Oct. 13, 2015), ECF No. 69.  Those issues included, as pertinent here, that the ASN "consider any information provided . . . by Mr. Williams through counsel on remand, such information to be submitted on or by September 20, 2015."  ECF No. 66 at 2.

On September 18, 2015, Mr. Williams's counsel submitted a letter to the ASN setting forth several arguments relating to the alleged legal errors and injustices committed by the BOI and BCNR.  *See* Pl.'s R. 52(f)(1) Submission, encl. (1), ECF No. 71-1.  Counsel submitted a supplement to his letter on September 28, 2015, which included a BOI script published in the Marine Corps Manual for Legal Administration ("LEGADMINMAN"), MCO P5800.16A, Fig. 4-20 (Feb. 10, 2014).  *See* Pl.'s R. 52(f)(1) Submission, encl. (2), ECF No. 71-2.  Counsel asserted that the script interprets the substantially similar prior conduct limitation found in SECNAVINST 1920.6C, which superseded 1920.6B in December 2005, as prohibiting a BOI from considering— for any reason—conduct occurring five years before the initiation of processing for separation. *See id.* at 3.  The script states, in relevant part:

> SRMBR: [Read if performance or conduct identified more than five years prior to the initiation of processing for separation has been introduced]  The board is advised that SECNAVINST 1920.6C imposes a limitation on considering performance or conduct identified more than five years prior to the initiation of processing for separation. . . . The board will affirmatively state on the findings and recommendations worksheet that the board did not consider such evidence.

*Id.* at 6.   Mr. Williams's counsel did not seek additional time to submit the script after the September 20 deadline.

The ASN issued his remand decision on November 18, 2015.  *See* ASN's Mem. for the U.S. Court of Federal Claims, ECF No. 70.  The decision responded in turn to each issue that the Court directed the ASN to consider.  This included, as discussed more fully below, a section responding to the legal arguments raised in counsel's September 18 letter.  *Id.* at 9-11.  The decision did not address the BOI script provided in counsel's September 28 supplement.  In sum, with respect to the issues posed by the Court, the ASN did not find procedural or substantive error by the BCNR or BOI, nor did he find injustice in Mr. Williams's separation.

**B.   Plaintiff's Motion**

Unsatisfied with the ASN's decision, Mr. Williams noted his objections with the Court. *See* Pl.'s R. 52.2(f)(1) Submission, ECF No. 71.  He subsequently filed the instant Motion for Remand, in accordance with the Court's briefing order (ECF No. 75).  The Motion raises one ground for remand—that the ASN failed to consider and respond to counsel's submissions as required by the Court's second remand order.  *See* Pl.'s Mot. for Remand at 7-8, ECF No. 76.

In opposition, the Government argues that the ASN fully addressed the issues raised in the September 18 letter and that the Court should disregard counsel's untimely submission of the BOI script.  *See* Def.'s Opp'n to Pl.'s Mot. for Remand at 1, ECF No. 80.  Assuming that the script is considered, the Government argues that the script does not warrant remand because it was not in effect at the time of Mr. Williams's BOI, does not undermine the ASN's decision, and, in any event, is not binding on the ASN's interpretation of 1920.6B.  *Id.* at 8-9.

Mr. Williams's Reply largely takes issue with the merits of the ASN's decision and raises, for the first time, new arguments related to his claim that the BCNR did not have authority to

decide his case by delegation. *See* Pl.'s Reply Mem. in Support of Mot. for Remand at 6-7, ECF No. 81. It also reiterates Mr. Williams's primary ground for remand. In particular, the Reply argues that the ASN acted arbitrarily and capriciously by failing to consider the BOI script, which Mr. Williams contends is highly probative to the question of whether the BOI improperly considered time-barred conduct. *See id.* at 12-14.

During oral argument on Plaintiff's Motion, the Court asked the Government to locate, if possible, any similar script published at the time of Mr. Williams's BOI. The Government reported that, prior to 2014, BOIs were conducted using either local, proceeding-specific scripts or a Navy script promulgated through U.S. Navy Judge Advocate General Instructions ("JAGINST"). *See* Def.'s Status Report at 1, ECF No. 86. It indicated that the JAGINST in effect in 2005 resides on a server in the Navy archives and that retrieving it would take several additional weeks. *Id.* The Government offered, in the alternative, a verbatim transcript of Mr. Williams's BOI proceeding to determine what script, if any, was used. *Id.* at 1-2. This prompted a dispute that played out in competing status reports about whether the transcript, to which Mr. Williams claims he had no access and which is not part of the Administrative Record, warrants remand. *See* Pl.'s Status Report, ECF No. 87; Def.'s Response to Pl.'s Sept. 25, 2017 Status Report, ECF No. 88. Without deciding the issue, the Court ordered the Government to file the verbatim BOI transcript. *See* Order, ECF No. 89; *see* Def.'s Notice of Compliance, ECF No. 90 (attaching transcript).

The matter was transferred to the undersigned on December 21, 2020. The parties indicated in a telephonic status conference on February 9, 2021 that additional briefing related to Plaintiff's Motion is unnecessary. The Motion is therefore ripe for decision.

## II.   DISCUSSION

This Court has authority "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just."  28 U.S.C. § 1491(a)(2); *see* RCFC 52.2(a).   The Supreme Court has held that "remand to [an] agency for additional investigation and explanation" is appropriate when "the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it."  *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

### A.   Whether Remand is Appropriate for the ASN to Consider and Respond to Plaintiff's Submissions.

Plaintiff's Motion contends that the ASN failed to consider the arguments and evidence submitted by Mr. Williams's counsel on September 18 and 28, 2015, pursuant to the Court's second remand order.  *See* ECF No. 76 at 7-8.  Mr. Williams argues that remand is therefore appropriate to ensure compliance with that order and to facilitate proper judicial review of the ASN's decision.  *See id.*  The Court evaluates Plaintiff's claim in the context of each submission.

#### 1.   Plaintiff's September 18 Letter

Although the ASN's decision did not cite or specifically refer to the September 18 letter, it summarized in Section (c)—entitled "Consider any information provided . . . by Mr. Williams through counsel on remand"—each of the legal arguments raised in the letter.  *See* ECF No. 70 at 9.  The decision also, on the whole, responded to these arguments.

The September 18 letter identified four issues for the ASN to consider.  First, the letter contended that the BCNR was required to refer Mr. Williams's case to the ASN for final decision because the Board recommended a decision contrary to the SJACMC's advisory opinion.  *See* ECF No. 71-1 at 1-2 (citing encl. (1), § 6.e.(1)(a) of SECNAVINST 5420.193, the Navy's regulation governing delegation of authority to correct certain naval records, and an ASN memorandum dated

September 4, 2014 interpreting that provision).  In response, the ASN explained that the 2014 ASN memorandum cited by Mr. Williams incorrectly interpreted the relevant provision of 5420.193, which by its terms applies only to cases—unlike Plaintiff's—where the BCNR recommends corrective action.  *See* ECF No. 70 at 1-2.

Next, the letter argued that the BCNR remand panel was improperly comprised of three retired Marine Corps officers who were not "civilians" as contemplated by 10 U.S.C. § 1552.  *See* ECF No. 71-1 at 2-3.  The ASN rejoined, explaining that each of the panel members was employed in a civil service position in the Department of the Navy and, as such, was a "civilian[] of the executive part of that military department" within the meaning of § 1552.  *See* ECF No. 70 at 9-10.  To address Mr. Williams's claim that the composition of the panel was irregular, the  decision attached a declaration of the Executive Director of the BCNR who described generally how BCNR panels are randomly assigned and specifically how Mr. Williams's remand panel was selected.[1]  *See id.* at 12-13.

The September 18 letter also argued that the BCNR inappropriately considered Mr. Williams's prior misconduct, contrary to SECNAVINST 1920.6B and the *Siefert* decision relied on in the SJACMC's advisory opinion.  *See* ECF No. 71-1 at 3-5.  The ASN disagreed, and his decision set forth, *inter alia*, the ASN's interpretation of 1920.6B's prior conduct limitation and the reasons why he believed the *Seifert* decision (and by extension the advisory opinion) was incorrect.  *See* ECF No. 70 at 2-7.

---

[1] Plaintiff also noted allegations by a former BCNR employee, James Exnicios, as further proof of potential impropriety in the BCNR remand proceeding.  *See* ECF No. 71-1 at 3 n.2.  The ASN responded to Mr. Exnicio's allegations in a separate section of the decision, relying on two attached declarations.  *See* ECF No. 70 at 11, 14-24.

Finally, the letter argued that Mr. Williams's separation departed from prior practice, citing other cases involving similar misconduct where the officers were permitted to retire. *See* ECF No. 71-1 at 5-6. The ASN responded by explaining that the BCNR is not an investigative body and reviews applications on a case-by-case basis; as a result, comparator cases are typically irrelevant to its fact-specific decisions. *See* ECF No. 70 at 8-9, 11. He acknowledged the existence of two of the three cases cited by counsel. *Id.* at 8-9. The ASN also referred to the case of the service member with whom Mr. Williams committed adultery, noting the BCNR's finding that she received harsher treatment than Mr. Williams. *Id.* at 9.

In comparing the September 18 letter and the ASN's decision, the Court is not left with the impression that the ASN failed to review, consider, acknowledge, or address the legal arguments raised on remand. And although Mr. Williams asserts myriad reasons why he disagrees with the ASN's explanations, those challenges can be properly considered by the Court at the merits phase. Accordingly, the Court finds that remanding the matter for the ASN to further consider and respond to the September 18 letter would not serve a useful purpose. *Corus Staal BV v. United States*, 502 F.3d 1370, 1374 (Fed. Cir. 2007).

### 2.   Plaintiff's September 28 Letter Attaching the BOI Script

Conversely, there is no dispute that the ASN's decision does not specifically address the BOI script. Nor does it indicate whether the ASN reviewed or considered the script. Instead, the Government argues that a remand is not warranted because the ASN's decision addressed the general question of whether the BOI properly considered Mr. Williams's prior misconduct. *See* ECF No. 80 at 8. According to the Government, the BOI script adds nothing to this "well-worn argument." *Id.* The Court disagrees.

To be sure, the ASN's decision discussed at length Mr. Williams's claim that the BOI acted contrary to SECNAVINST 1920.6B by considering his prior misconduct. *See* ECF No. 70 at 2-7. The ASN explained that 1920.6B's prior conduct limitation does not prohibit a BOI from considering such "other evidence of performance or conduct during the separation process on the issue of retention or separation," rather it prevents time-barred conduct from being used as "the basis for initiating processing for separation." *Id.* at 2. The ASN further confirmed, after consultation with appropriate officials, that this interpretation is consistent with the current and longstanding practice of both the Marine Corps and Navy. *See id.* As proof of that practice, the ASN cited a consistent provision of the Marine Corps Separation and Retirement Manual ("MARCORSEPMAN") regarding the BOI's consideration of prior conduct evidence. *See id.* at 2-3 (citing MCO P1900.16F, ¶ 1004.4(a)(2) (July 18, 2003)). But the ASN's decision failed to reconcile, or even acknowledge, the possibly inconsistent interpretation found in the BOI script, which is published in another Marine Corps manual (*i.e.*, the LEGADMINMAN).

Contrary to the Government's argument, the BOI script is not entirely irrelevant. Although the BOI script was published after Mr. Williams's 2005 BOI and refers to a revised instruction (1920.6C) that was not then in effect, the material language of the prior conduct limitation remained substantially unchanged from 1920.6B to 1920.6C.[2] Moreover, the Government indicated that, at the time of Mr. Williams's 2005 BOI, a different script published in the JAGINST existed. *See* ECF No. 86 at 1. On the current record, it is not clear whether the JAGINST script

---

[2] SECNAVINST 1920.6C provides that "[p]erformance or conduct identified more than 5 years prior to the initiation of processing for separation under paragraph 3 of this enclosure shall not form the basis for processing under this enclosure." SECNAVINST 1920.6C, encl. (4), ¶ 11.e. (Dec. 15, 2005). It goes on to add clarifying definitions for the terms "identified" and "[i]nitiation of processing." *Id.*

contains instructions similar to the BOI script submitted by Mr. Williams.[3]  Nor does the record contain sufficient information for the Court to assess the significance of any script, such as how scripts are created, what purpose they serve, and whether BOIs are required to use scripts in effect at the time of separation proceedings.

Regardless of whether Mr. Williams's BOI used any script, and the Government confirmed his BOI did not (*see* ECF No. 88 at 3), directions provided to BOIs in official Marine Corps and Navy publications on how to apply the prior conduct limitation in separation proceedings are relevant to reviewing Mr. Williams's claim that his BOI acted contrary to that limitation.  *See Murphy v. United States*, 993 F.2d 871, 873 (Fed. Cir. 1993) (the court "may appropriately decide whether the military followed [its] procedures").  Even if it is not binding on the ASN, whether a script provides instructions that contradict the ASN's interpretation of the prior conduct limitation is relevant to evaluating whether his interpretation is reasonable and whether the limitation has been consistently interpreted by the Marine Corps and the Navy over a long period of time, as the ASN asserts.  *See Willingham v. United States*, 35 Fed. Cl. 633, 646 (1996), *aff'd*, 104 F.3d 374 (Fed. Cir. 1996).

Courts have found that remand is appropriate in similar circumstances where a decision fails to reconcile contradictory evidence or agency interpretations.  *See, e.g.*, *Davis v. Dep't of Homeland Sec.*, 239 Fed. App'x 586, 590 (Fed. Cir. 2007) (remanding decision of the Merit Systems Protection Board where the board upheld an administrative judge's decision without considering or reconciling a contrary decision of the Equal Employment Opportunity Commission reviewing the same underlying events); *Baptist Med. Ctr. v. Burwell*, No. 11-cv-0899, 2019 WL

---

[3] Mr. Williams argues that the scripts are the same.  ECF No. 81 at 13.  The Government has not definitively stated its position on whether or not the scripts are similar.

978957 (D.D.C. Feb. 28, 2019) (remanding for the agency to reconcile a decision interpreting a statutory reimbursement provision with a contradictory interpretation presented by the agency in separate litigation). Here, the absence of any discussion about the BOI script (or other relevant script) leaves a gap in the ASN's decision that should be filled by the ASN, not the Court, in the first instance. *See Fla. Power & Light*, 470 U.S. at 744; *see also Bateson v. United States*, 48 Fed. Cl. 162, 165 (2000).

The fact that Mr. Williams's counsel submitted the BOI script to the ASN beyond the deadline set in the Court's second remand order does not warrant a contrary conclusion. At oral argument, Mr. Williams's counsel attributed his delay to the difficulties he encountered locating a script associated with 1920.6B.[4] *See* Hr'g Tr. (Sept. 6, 2017) at 13-14, ECF No. 92. Unable to find an earlier version, he submitted as a supplement the script relating to 1920.6C. *Id.* at 14. Although the supplement was roughly one week late, the ASN did not issue his decision for approximately seven more weeks. The Government does not allege that the late submission caused any prejudice, nor does it cite any authority demonstrating that the ASN was required to or should have ignored the script on that basis alone. The Court does not go so far as to hold that untimeliness can never be grounds for an agency to disregard evidence. And it is worth emphasizing that the most prudent course would have been to seek the Court's permission to submit materials beyond the court-ordered deadline. Nonetheless, given the potential contradiction between the script and the ASN's decision, remand is appropriate here to ensure both that the ASN's decision meets the requirements of reasoned decision-making and that the Court can effectively review the decision on the merits. *See Sharpe v. United States*, 935 F.3d 1352, 1358 (Fed. Cir. 2019); *see also Walls*

---

[4] The Government likewise noted difficulties in producing the JAGINST script from the 2005 time-period. ECF No. 86 at 1.

*v. United States*, 582 F.3d 1358, 1368 (Fed. Cir. 2009) (holding remand appropriate for BCNR to consider evidence that the plaintiff failed to submit to the board, despite its request, and instead attached for the first time to the amended complaint).

**B.      The Delegation Argument Raised in Plaintiff's Reply Does Not Warrant Remand to the ASN.**

Although the Motion seeks a remand only for the ASN to address arguments and evidence Mr. Williams previously presented, Plaintiff's Reply raises alternative grounds for his claim that the BCNR lacked authority to finally decide his case pursuant to SECNAVINST 5420.193.  *See* ECF No. 88 at 6-7.  Specifically, Mr. Williams now claims his case falls within enclosure 1, §§ 6.e.(2)(a) and (2)(b) of the instruction, which describe certain categories of BCNR petitions that are excepted from the BCNR's delegated authority under § 6.e.(1)(c).  SECNAVINST 5420.193, encl. (1), §§ 6.e.(2)(a)-(b) (including "[p]etitions involving records previously reviewed or acted upon by the Secretary wherein the operative facts remained substantially the same" and "[p]etitions by former commissioned officers or midshipmen to change the character of, and/or the reason for, their discharge").  It is well established, however, that "[a]rguments raised for the first time in a reply brief are not properly before th[e] court."  *United States v. Ford Motor Co.*, 463 F.3d 1267, 1276 (Fed. Cir. 2006); *see also, e.g.*, *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) (holding that "[a]s a matter of litigation fairness and procedure" arguments first raised in a reply are treated as waived).

This delegation argument was likewise not raised in the remand to the ASN, which is the subject of the instant motion.  The Court's second remand order—adopting the parties' joint proposed issues—specifically required the ASN to consider the BCNR's authority under 5420.193, but only with respect to enclosure 1, § 6.e.(1)(a), which permits the BCNR to take final corrective action on behalf of the Secretary unless "[c]omments by proper naval authority are inconsistent

12

with the Board's recommendation."   SECNAVINST 5420.193, encl. (1), § 6.e.(1)(a).   Mr. Williams's September 18 letter to the ASN also raised the delegation issue, but only based on § 6.e.(1)(a).   *See* ECF No. 71-1 at 2.   As discussed above, the ASN's decision addressed the delegation question, explaining that the instruction does not require referral of a matter to the ASN where, as here, the Board does not recommend corrective action and denies an application without a hearing.  *See* ECF No. 70 at 1-2.

Under these circumstances, it is not procedurally unfair to Mr. Williams to disregard his alternative delegation argument considering the scope of the prior remand to the ASN, the limited question presented in the instant remand motion, and the fact that the parties will have the opportunity following remand to file dispositive motions.  *See Becton Dickinson & Co. v. C.R. Bard Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990).

### C.    The BOI Transcript Does Not Warrant Remand at This Stage.

Finally, the Court will address the parties' positions on the verbatim BOI transcript filed by the Government after oral argument on Plaintiff's Motion.  The issue of the transcript, however, is not new.

The BOI transcript was not included in the Administrative Record filed by the Government in 2010.  *See* Admin. Rec., ECF No. 11.  This did not escape the Court's notice.  In response to the Court's inquiry, the parties confirmed in a 2012 status report that the transcript was not considered by the BCNR.  *See* Jt. Status Report, ECF No. 27.  Mr. Williams's counsel indicated that "he did not submit the BOI transcript to the BCNR, as it was not necessary for Mr. Williams's case."  *Id.* at 1.  The parties agreed that such omission "was not substantively or procedurally improper" and that the transcript was appropriately excluded from the Administrative Record.  *Id.* The Court relied on this stipulation in resolving the parties' first cross-motions for judgment on

the administrative record and thus "disregard[ed] the Board's failure to consider the record as part of its review."  ECF No. 29 at 16 n.11.  Accordingly, the transcript was not among the issues the BCNR was required to consider in the 2014 remand.  It was also not among the issues that the parties proposed (and the Court adopted) to be considered by the ASN in the 2015 remand, *see* ECF No. 66, nor did Mr. Williams's counsel include the transcript as part of his submissions to the ASN, *see* ECF No. 71.

Mr. Williams asserts that he previously did not have access to the BOI transcript, and the Government represented earlier in the case that it could not locate a copy.  *See* ECF No. 87 at 1-2.  On that ground, he argues that the transcript should at least be produced to the Court and his counsel.  *Id.*  The Government has done so.  *See* ECF No. 90.

The Court is mindful of the limited scope of judicial review in military pay cases.  *See Metz v. United States*, 466 F.3d 991, 998 (Fed. Cir. 2006).  It is equally mindful of the narrow question presented in Plaintiff's Motion, which challenged the adequacy of the ASN's review and decision on remand.  The filing of the verbatim transcript arose in relation to the Court's request that the Government determine whether any BOI scripts, like the one submitted to the ASN on remand, existed at the time of Mr. Williams's BOI.  The Government confirmed that at least one script was in effect in 2005, *see* ECF No. 86 at 1, and for the reasons discussed above it is appropriate to remand the matter for the ASN's consideration and explanation on the issue of the scripts.  The Government, however, confirms that the verbatim transcript does not contain any script.  *See* ECF No. 88 at 3.  The Court therefore sees no reason to include the transcript at this stage on a remand limited to the script issue.  *See Axiom Res. Mgmt., Inc. v. United States*, 564 F.3d 1374, 1380 (Fed. Cir. 2009).

Moreover, all the Court has regarding the parties' positions on the verbatim transcript is in dueling status reports filed after the hearing on Plaintiff's Motion.  Mr. Williams has not moved to supplement the Administrative Record.  As such, this opinion does not reach any broader issues relating to the transcript.

### III.   CONCLUSION

Plaintiff's Motion for Remand pursuant to RCFC 52.2 is hereby **DENIED-IN-PART** and **GRANTED-IN-PART**.  Accordingly, this case is **REMANDED** to the Navy for consideration by the ASN.

Pursuant to RCFC 52.2(b), the Court provides the following directions to the parties on remand:

(1)     The remand period shall terminate in **ninety (90) days** on **June 3, 2021**, and proceedings in this case are **STAYED** until that date.  If the ASN has not responded on or before June 1, 2021, the parties shall follow the procedures set forth in RCFC 52.2(c).

(2)     The Government shall file with the Court and provide to the ASN on or before **April 5, 2021** a copy of the script promulgated through the U.S. Navy Judge Advocate General Instructions ("JAGINST") in effect in March 2005, as referred to in Defendant's Status Report dated September 20, 2017 (ECF No. 86).

(3)     The ASN shall:

(a)     consider and reconcile the interpretation of the limitation in SECNAVINST 1920.6B, encl. (4), ¶ 10.e provided in the ASN's November 18, 2015 decision memorandum (ECF No. 70) with the interpretation of the limitation in SECNAVINST 1920.6C, encl. (4), ¶ 11.e provided in the script submitted by Plaintiff to the ASN on September 28, 2015 (ECF No. 71-2);

(b)     consider and reconcile the interpretations of the limitation in SECNAVINST 1920.6B, encl. (4), ¶ 10.e provided in the ASN's November 18, 2015 decision memorandum (ECF No. 70) and in any script produced in response to part (2) of this Order;

(c)     explain how the scripts referred to in parts (3)(a) and (3)(b) of this Order were created, what purpose the scripts serve, and whether BOIs are required to use scripts in effect at the time of separation proceedings; and

(d)      provide any other information that would give additional context for the Court's consideration of such scripts;

(4)      Pursuant to RCFC 52.2(b)(1)(D), the Government shall file a status report on or before **May 4, 2021**, indicating the status of the matter on remand; and

(5)      When proceedings before the ASN have concluded, the ASN shall forward two (2) copies of his response to the Clerk of the Court of Federal Claims pursuant to RCFC 52.2(d). Within **thirty (30) days** of the filing of the ASN's response, the parties shall file the notices required by RCFC 52.2(e)(1).

A copy of this Memorandum Opinion and Order shall be served on the ASN at:

> The Assistant Secretary of the Navy
> (Manpower and Reserve Affairs)
> 1000 Navy Pentagon
> Washington DC 20350-1000

**SO ORDERED.**

Dated: March 5, 2021

_/s/ Kathryn C. Davis_
KATHRYN C. DAVIS
Judge